23039/MWV/fs

IN THE SMALL CLAIMS COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

PAUL BROWN,

    Plaintiff,

vs.

CASE NO.: 2:11-CV-474-FtM-36SPC

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

### COMPLAINT FOR UNLAWFUL AND ABUSIVE DEBT COLLECTION PRACTICES AND FOR DECLARATORY RELIEF

COMES NOW, the Plaintiff, PAUL BROWN, hereinafter "Plaintiff" or "consumer," sues the Defendant, HOVG NCO FINANCIAL SYSTEMS, INC., (hereinafter "Defendant"), for violation of Florida's Consumer Collection Practices Act, §559.55 Fla. Stat. *et seq.* the "FCCPA," for damages that are not less than $2,500.00 and do not exceed $5,000.00, exclusive of attorney's fees and costs, and alleges as follows:

Introduction

1. The FCCPA protects Florida citizens from abusive, threatening, harassing and false or fraudulent calls by or on behalf of creditors. The FCCPA provides for actual and statutory damages, plus attorney's fees and costs of the action. The Defendant's misconduct, as alleged and to be proven herein, violates the FCCPA in multiple respects. The frequency of the calls, exceeding several calls per day, and the calls' content, evidence a willful intent to harass, intimidate, break down and degrade the consumer in clear violation of the letter and intent of the FCCPA. The Defendant seeks or threatens to collect debts which are not owed and/or assert rights to which the Defendant does not

have, and reports, or threatens to report alleged debts without also reporting that they are disputed.

### Jurisdiction and Venue

2. The Plaintiff resides in this county and the unlawful and tortuous communications occurred in this county and caused injury to Plaintiff in this county.

3. The Defendant is subject to *in personam* jurisdiction here because the Defendant's unlawful, statutory violations were specifically directed at Plaintiff in this county and caused harm to Plaintiff in this county.

4. The damages, exclusive of attorneys' fees, prejudgment interest, and costs, are within the jurisdictional limits of this Court.

5. 5/1. At all times relevant hereto the Plaintiff, PAUL BROWN, was an obligor pursuant to a certain mortgage and note appended hereto as (Ex. A) [Or 5/2 At all times relevant hereto the Plaintiff was an obligor pursuant to an installment contract appended hereto as (Ex. A)]

6. The Plaintiff became delinquent in making payments under the contract for the following reasons.

7. The Defendant, in response to the Plaintiff's situation, undertook collection activities against the Plaintiff.

8. In its effort to collect the Plaintiff's debt, the Defendant misrepresented the amount due and owing under the contract.

9. The Defendant, in an effort to collect the alleged debt owed by the Plaintiff, undertook an aggressive and outrageous course of conduct that exceeded any reasonable bounds of decency or lawful business practice, including the use of repeated telephone calls (up to

__ times a day), obscene language, threats, calls and hang-ups, false and egregiously incomplete reports to credit bureaus and reporting agencies, and simiar conduct designed to threaten and intimidate the Plaintiff.

## COUNT I
## Violation of FCCPA

10. This is a cause of action against Defendant for its violation of the FCCPA.

11. Plaintiff restates (1) through (9) above, as if fully set forth herein.

12. At all times material hereto, Plaintiff was a "debtor" or "consumer" within the meaning of §559.55(2) Fla. Stat.

13. At all times material hereto, the communications and other misconduct alleged herein arose out of a "debt" or "consumer debt" within the meaning of §559.55(1) Fla. Stat.

14. At all times material hereto, the Defendant was a "person" within the meaning of §559.55(7) Fla. Stat.

15. The Defendant willfully violated the following provisions of the FCCPA:

(a). Communicated with the consumer with such frequency as could reasonably be expected to harass the consumer or consumer's family, in violation of §559.72(7) Fla. Stat.

(b) Engaged in verbal conduct as could reasonably be expected to "harass" or "abuse" the consumer or consumer's family, as those terms are contemplated by §559.72(7) Fla. Stat., and in violation of §559.72(7) Fla. Stat.

(c) Willfully claimed, attempted or threatened to enforce rights or debts which were illegitimate, or not owed in violation of §559.72(9) Fla. Stat., to wit: false or fraudulent charges, un-owed costs or charges, artificial or manufactured charges, excessive charges trumped up or made up in order to bilk the consumer, either alone or in conjunction with

other non-party perpetrators.

(d) Communicated with the consumer about the debt knowing the consumer was represented by counsel, in violation of §559.72(18) Fla. Stat.

(e) Refused to provide adequate identification when requested to do so by the consumer in violation of §559.72(15) Fla. Stat.

16. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has suffered actual damages and is entitled to statutory damages.

17. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

18. Plaintiff is entitled to an award of attorneys' fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA.

WHEREFORE, Plaintiff, PAUL BROWN, demands actual and statutory damages, attorney's fees, legal assistant fees, costs and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

### COUNT II
### Injunctive Relief

19. This is a cause of action for injunctive relief against Defendant to enjoin its further violations of the FCCPA.

20. Plaintiff restates (1) through (15) as if fully set forth herein.

21. The Defendant's continued violation of the FCCPA against Plaintiff and other Florida citizens is repugnant to the public welfare and offends the long-standing public policy of

this State to protect innocent consumers from predatory, abusive and fraudulent collection practices.

22. Plaintiff has no adequate remedy at law.

23. The Defendant has or will continue the aforesaid unlawful conduct now and into the future unless equitably enjoined from continuing to violate the FCCPA.

24. The FCCPA empowers and confers upon this Court the necessary and statutory jurisdiction and authority to "enjoin" "further violations of this Part."

25. Plaintiff hereby invokes the Court's statutory and/or equitable jurisdiction under the FCCPA to enjoin further violations of this part, more specifically:

   a. The immediate and permanent cessation of harassing and repeated "robo-calls" or multiple calls to consumers in a single day;

   b. The immediate and permanent cessation of willfully abusive language by Defendant's collectors in communicating with Plaintiff and other Florida citizens, and the implementation of adequate training, procedures and call monitoring to ensure compliance;

   c. The immediate and permanent cessation of collecting or attempting to collect fictional, illusory or overstated debts for which there is no legal basis or right;

   d. The immediate and permanent cessation of communications with consumers known to be represented by counsel.

26. Plaintiff was forced to retain undersigned counsel and has or will incur substantial attorney's fees, legal assistant fees and costs.

27. Plaintiff, as a prevailing party, is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA, and contingent risk

multiplier.

WHEREFORE, Plaintiff, PAUL BROWN, prays for injunctive relief, attorney's fees, legal assistant fees, costs, prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT III
### Declaratory Relief

28. This is a cause of action for declaratory relief against Defendant to declare certain of its offending practices to be unlawful and in violation of the FCCPA.

29. Plaintiff restates (1) through (15) as if fully set forth herein.

30. The Defendant's continued violation of the FCCPA against Plaintiff and other Florida citizens is repugnant to the public welfare and offends the long-standing public policy of this State to protect innocent consumers from predatory, abusive and fraudulent collection practices.

31. Plaintiff has no adequate remedy at law.

32. The Defendant denies that it is in violation of the aforesaid statutes.

33. Plaintiff is uncertain as to Plaintiff's rights under the FCCPA and seeks the Court to exercise its statutory and/or equitable jurisdiction to declare the rights of the parties under the statute.

34. The Defendant has or will continue the aforesaid unlawful conduct now and into the future unless declaratory relief issues declaring the conduct unlawful.

35. The FCCPA and Chapter 86 The Declaratory Judgment Act empowers and confers upon this Court the necessary and statutory jurisdiction and authority to "declare" the rights of the parties under the FCCPA.

36. Plaintiff hereby invokes the Court's equitable jurisdiction under the FCCPA to declare the

following as violations of the FCCPA, to wit:

   a. Willfully repeated "robo-calls" or other multiple calls to consumers in a single day;

   b. Willfully abusive language by Defendant's collectors in communicating with Plaintiff and other Florida citizens;

   c. Collecting or attempting to collect fictional, illusory or overstated debts for which there is no legal basis or right;

   d. Communications with consumers known to be represented by counsel.

37. Plaintiff was forced to retain undersigned counsel and has or will incur substantial attorney's fees, legal assistant fees and costs.

38. Plaintiff, as a prevailing party, is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA.

WHEREFORE, Plaintiff, PAUL BROWN, prays for declaratory relief, attorney's fees, legal assistant fees, costs, prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT IV
## INTENTIONAL INFLICTION MENTAL DISTRESS

39. The Plaintiff realleges the facts as recited in paragraphs (1)-(19) and incorporates them by reference herein.

40. This is an action at common law for the intentional infliction of mental distress.

41. The Defendant's use of repeated and harassing telephone calls would be sufficient, in a criminal context, to sustain a prosecution under §365.16, Fla. Stat.

42. The intentional tort committed by the Defendant was so outrageous and beyond the scope of legitimate business practice as to be intolerable, as evidenced by the fact that the State

of Florida, by statute, has declared said acts to be specially worthy of prohibition. While there is no specific civil remedy for violations of §365.16, Fla. Stat., conduct that is so outrageous as to violate the statute would qualify as conduct that is equally outrageous in terms of a common law action for intentional infliction of mental distress.

43. The Defendant's tortious conduct was so severe as to cause extreme mental and emotional distress, including anxiety, loss of sleep, fear and mental anguish. Said mental anguish was and is severe and ongoing.

44. Plaintiff has been forced to retain counsel and has incurred the costs of litigation.

WHEREFORE the Plaintiff demands judgment for any and all damages, compensatory or punitive, allowed by law along with an award of costs and attorneys fees.

## COUNT V

### NEGLIGENT INFLICTION OF MENTAL DISTRESS

45. The Plaintiff realleges paragraphs (1)-(9) and incorporates them by reference herein.

46. The Defendant's use of repeated and threatening telephone calls to coerce or intimidate the Plaintiff was conduct which was outrageous and beyond the scope of legitimate business practice.

47. The Defendant knew or reasonably should have known that its use of abusive telephone-harassment tactics could cause severe emotional distress and physical illness.

48. The Defendant negligently and recklessly pursued its course of telephone harassment in disregard of the consequences.

49. As a direct and proximate result of the Defendant's conduct the Plaintiff has suffered severe emotional distress including teeth grinding, loss of sleep, physical deterioration, illness, headaches, insomnia and loss of enjoyment of life.

50. The Plaintiff has been compelled to retain counsel and has incurred the costs of this litigation.

WHEREFORE the Plaintiff demands judgment for any and all damages to which Plaintiff is entitled by law including any costs or attorneys fees.

## COUNT VI

## DECLARATORY RELIEF

51. The Plaintiff realleges paragraphs (1)-(9), (33)-(38) and incorporates them by reference herein.

52. The Plaintiff is unsure of his rights in relation to any entitlement to statutory or legal protection from repeated telephonic communications from the Defendant that are intended to harass and coerce the Plaintiff into the payment of an alleged debt.

53. The Defendant's abuse of telephonic communications is in violation of §365.16, Fla. Stat., as well as being an illegal invasion of privacy.

54. A declaratory judgment from this Court declaring the Defendant's conduct illegal, would serve the public interest by defining the rights of the parties and their legal duty.

WHEREFORE the Plaintiff requests the following declaratory relief:

1. Entry of an order declaring that the Defendant cannot engage in frequent, multiple and repetitious telephone calls on a daily basis in an attempt to collect a debt.

2. Entry of an order declaring illegal the Defendant's use of robo-calls is contrary to §365.16, Fla. Stat.

3. Entry of an order declaring that the Defendant's use of threatening and/or obscene language in an effort to collect an alleged debt is contrary to §365.16, Fla. Stat.

4. Entry of an order declaring that the Defendant's conduct violates §365.16, Fla. Stat. to the extent that it is employed to collect a non-existent, false or improperly inflated "debt" allegedly owed by the Plaintiff.

5. Any other relief deemed appropriate including costs and attorneys fees.

## COUNT VII

### SLANDER OF CREDIT

55. The Plaintiff realleges the factual averments of paragraphs (1)-(9) and incorporates them by reference herein.

56. The Defendant, as part of its illegal collection activity, has knowingly or in a culpably negligent manner submitted false information or reports to credit bureaus and agencies, thereby misrepresenting the credit-worthiness of the Plaintiff.

57. The Plaintiff has not yet been provided with copies of the false reports and has not yet been able to respond to the recipients of same as a result, but copies of said false reports will be obtained in discovery and appendixed to this complaint.

58. As a direct and proximate result of the Defendant's conduct in disseminating false information regarding the Plaintiff's credit-worthiness the Plaintiff has been injured due to a diminution of Plaintiff's credit rating.

59. Plaintiff has been compelled to retain counsel and has incurred costs and attorneys fees.

WHEREFORE the Plaintiff demands judgment for actual and statutory damages, costs, fees and any other relief available by law.

## COUNT VIII

## DEFAMATION

60. The Plaintiff realleges the facts as set forth in paragraphs (1)-(9) and incorporates them by reference herein.

61. The Defendant has willfully, wantonly, and in utter disregard of the consequences, published and disseminated to third parties, including credit bureaus, false information regarding the Plaintiff, the Plaintiff's credit-worthiness and the status of the alleged debt owed by the Plaintiff. The false information includes misrepresentations regarding the amount owed and the performance of the debt obligations by the Plaintiff.

62. The exact date and content of the libelous communications is unknown but will be identified in discovery and made a part of this action. However, Defendant has told the Plaintiff that this false information has been communicated to others.

63. As a direct and proximate result of the Defendant's libel the Plaintiff has suffered damages including loss of credit, shame, humiliation, embarrassment, mental anguish, and will continue to do so in the future.

64. The Plaintiff has been compelled to retain counsel and has incurred the costs of this action.

WHEREFORE the Plaintiff demands judgment for damages and any other relief provided by law including costs and fees.

## COUNT IX

## DEFAMATION: FALSE LIGHT

65. The Plaintiff realleges paragraphs (1)-(12) and incorporates them by reference herein.

66. The Defendant has knowingly and intentionally communicated with third parties,

including credit reporting agencies or credit bureaus, the fact that the Plaintiff is indebted and is delinquent or in arrears on a credit obligation. The specific communications are unknown at this time but will be documented in discovery and appended to the complaint.

67. The credit-information regarding the Plaintiffs was incomplete and thus subject to casting the Plaintiffs in a false light.

68. Although the essential information is or may have been correct in whole or in part, the information was conveyed to and communicated to third parties for the express purpose of falsely portraying the Plaintiffs as deadbeats, delinquents or persons who are untrustworthy and therefore not credit worthy.

69. The Defendant's conduct in casting the Plaintiff in a false light was willful, deliberate and intended to injure the Plaintiff by destroying the Plaintiff's ability to obtain credit or obtain employment.

70. As a direct and proximate result of the Defendant's conduct the Plaintiff has suffered shame, humiliation, embarrassment, loss of reputation, loss of credit and will continue to suffer in the future.

71. The Plaintiff has been compelled to retain counsel and has also incurred the costs f t his litigation.

WHEREFORE the Plaintiff demands judgment from the Defendant for any damages allowed by law including costs and fees where allowed.

## COUNT X

## INVASION OF PRIVACY

72. The Plaintiff realleges the factual averments of paragraphs (1)-(9) and incorporates them by reference herein.

73. The Defendant's collection practices include intrusive telephonic communications received by the Plaintiff in the Plaintiff's home at times and places, and with such frequency, as to interfere with and destroy the sanctity and quiet enjoyment of the Plaintiff's own home.

74. The Defendant has demanded and attempted to obtain secret and personal information regarding the Plaintiff that the Defendant intends to use, or has used, in an effort to collect the alleged "debt" supposedly owed by the Plaintiff.

75. The Defendant's conduct, as set forth, is an attempt to invade the privacy of the Plaintiff and procure confidential information to which the Defendant is not entitled.

76. §365.16, Fla. Stat., As a direct and proximate result of the Defendant's invasion of the Plaintiff's privacy the Plaintiff has had to undertake steps to preserve private information and has suffered shame, embarrassment, mental anguish and expense, including the expenses of this litigation and the hiring of counsel.

WHERFORE the Plaintiff demands judgment for actual and statutory damages and any other relief provided by law, including costs and attorneys fees.

Dated this 21 day of July, 2011.

VILES & BECKMAN, L.LC.
Attorneys for Plaintiff
6350 Presidential Court
Fort Myers, FL 33919
Telephone: 239-334-3933
Facsimile: 239-334-7105

By:_____
Marcus W. Viles, Esquire
Florida Bar No.: 0516971